[Lucas County Circuit Court, February 26, 1895.]

### CLAIRE A. LORENZ ET AL v. OLLIN A. CLARK ET AL.

1. **BILL OF EXCEPTIONS NOT FILED WITHIN TIME, STRICKEN FROM FILES.**

   A bill of exceptions not allowed and filed within fifty days from the overruling of the
   motion for a new trial, or from the decision excepted to in case a motion for a new trial
   is not necessary, will be stricken from the files on motion, although a motion was
   made to open up the judgment and retry the case, which motion was overruled within
   fifty days before the filing of the bill of exceptions.

2. **PETITION IN ERROR DISMISSED.**

   A petition in error filed more than six months after such first judgment, will be dismissed
   as to all errors assigned to said judgment.

KING, J.

This is a petition in error to reverse the judgment of the court of common
pleas, and there is a motion to strike from the files a bill of exceptions.   This
motion will be considered in connection with certain other matters which arise
upon the record.   In examining the motion it is necessary to examine the record,
and that discloses about this state of facts, in relation to the pleadings and other
proceedings:

Sometime in 1893, the plaintiffs brought an action to restrain the defendants
from using a certain name in the manufacture of an article in imitation of an
article manufactured by the plaintiffs.   On the filing of that petition in the court
below a preliminary injunction was allowed by Judge Lemmon, on the 8th of
September, 1893.   On the 13th of September, 1893, the matter was heard on a
motion to dissolve that temporary injunction, and the temporary injunction was
dissolved.   On the 23d of October, there was a demurrer heard to the petition
and thereafter an answer was filed and the issue made up by the pleadings.   Dur-
ing that time the plaintiffs also came and filed another motion to reallow the tem-
porary injunction, and on the 26th of January, 1894, the matter was called up
and the court and the parties agreed that it might be tried upon its merits, and
thereupon evidence was submitted.   The case was tried and the issues were found
with the defendant, and the petition of the plaintiffs was dismissed at their costs,
to which the plaintiffs excepted.   That judgment was of record on the 31st of
January, 1894.   On the 30th of March, 1894—some 59 days afterwards—the
plaintiffs or the parties had a journal entry filed overruling the motion to reallow
the injunction.   It does not appear that there was any action of the court upon
that, and on the same day the plaintiffs filed a motion to open up and rehear the
matter which had been tried and determined.   That motion was pending until the
2d of July, 1894, the following term, when it was heard and overruled, to which
the plaintiffs excepted, and in the order plaintiffs were allowed fifty days from that

time to prepare and file a bill of exceptions; and, on the 20th of August, 1894, the plaintiffs filed a bill of exceptions, which this motion seeks to strike off. This bill of exceptions was presented to the court, allowed, signed, filed and ordered made a part of the record and on the same day a petition in error was filed to reverse the judgment.

The petition in error states, that "there is error in said record and proceedings in this, to-wit: Said court erred in overruling the motion of plaintiffs in error for a modification of the judgment and decree rendered." And then it proceeds to state other assignments; that "the facts set forth in the answer are not sufficient in law to constitute a defense to the action of plaintiffs in error; that said court erred in not sustaining the demurrer of plaintiffs in error to the answer of defendants in error."

The bill of exceptions recites: "That on the 26th day of January, A. D. 1894, in the honorable court of common pleas of Lucas county, state of Ohio, before the Hon. Gilbert Harmon, judge, said motion coming on to be heard, after presentation of the issues, or matters in dispute between the parties by the respective counsel to the court, the following proceedings were had: "It was agreed between counsel for plaintiffs and defendants that in addition to the above motion before the court the issues between the parties should be submitted to the court for a final hearing of said cause, for a full adjudication and determination thereof. Thereupon, plaintiffs, to sustain the issues on their part, first offered and read in evidence the affidavit of Mary C. Lorenz." Then they called divers witnesses on both sides, and on that evidence the judgment of January 31 was rendered.

Now this motion seeks to strike off this bill of exceptions because it was not filed in time. Part of the record shows that this evidence was offered and heard upon the trial of the case on the 26th of January, as appears by the judgment of the 31st of January. The statute in force then, as found in vol. 91, O. L., 141, provided—

"When the decision is not entered on the record, or the grounds of the objection do not sufficiently appear in the entry, or the exception is to the decision of the court on a motion to direct a nonsuit, or to arrest the testimony from the jury, or for a new trial for misdirection by the court to the jury, or because of the verdict, or if a jury is waived the finding of the court is against the law and the evidence, or on the admission or rejection of evidence, the party excepting must reduce his exceptions to writing and present the same to the trial judge or judges for allowance within fifty days after the overruling of the motion for a new trial, or the decision of the court where a motion for a new trial is not necessary;" etc.

Now this case, as appears by the bill of exceptions itself, as well as the balance of the record, was tried on the 26th of January and the judgment rendered on the 31st of January, and on the 20th of August of the same year, the bill of exceptions was first presented to the court, and on that day allowed, signed, and ordered made a part of the record. Clearly that bill of exceptions could not stand as any part of the record of a trial that occurred in the court of common pleas in the latter part of January, 1894, for the reason that it was not filed in the court of common pleas within the time provided by law, to wit: fifty days after the decision of the court of common pleas. It was claimed in argument that the judgment of the court of common pleas, upon the motion to rehear and re-open the trial of the case, also provided that a bill of exceptions be taken and filed; but no bill of exceptions was taken upon that hearing, so far as appears here. This bill of exceptions shows plainly enough that it was taken at the trial of the case in January, and that none was taken at the rehearing or the hearing of the motion for a rehearing, in July, 1894, so that this bill of exceptions does not aid the plaintiffs at all as to the questions that were raised on the hearing of the motion to open up the judgment. It is argued that the judgment

of the court of common pleas rendered·in January was within the control of the court at that term, and that the filing of the motion during that term to rehear it was a proper motion, and gave the court jurisdiction to hear it. It is unnecessary to examine that question, because, as I have said, this bill of exceptions does does not relate to that hearing.

And that brings me to a second question which appears upon the record which we have considered, and that is, whether the petition in error was filed in time, or whether it states any error at all committed by the court. The petition in error was filed on the 20th of August, 1894, and the statute provided at that time that it should be filed within six months from the rendition of the judgment or order excepted to or of which error was alleged. The judgment which disposed of this case was rendered on the 31st of January and this petition in error was filed in this court on the 20th of August; that was more than six months, and hence as to all the errors which it is claimed that the court committed upon the trial of the case, the statute interposed this bar to the filing of the petition in error at the time this was filed. The petition in error, however, alleges that the court erred in overruling the motion for a rehearing; but, as no bill of exceptions is submitted as to what the court acted upon, and there is nothing in the record to show what was before the court when that motion was heard, clearly this record does not disclose any error that the court committed in the overruling of that motion. The court may have been fully justified in overruling it upon the evidence heard and the facts submitted to it. So that ground of error is not sustained.

As to all the other assignments of error in the petition, the statute has interposed this bar; the petition was not filed in time to take advantage of any of them, therefore, the motion to strike the bill of exceptions from the files will be allowed. The judgment of the court upon the motion to rehear the case, will be affirmed, and as to the assignments of error in the petition to the original judgment, the petition will be dismissed at the cost of the plaintiffs in error.